IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

NO. __C  00  004__

[To Be Supplied By The Clerk]

\*          \*          \*

United States District Court
Southern District of Texas
FILED

**JAN 0 4 2000**

MICHAEL N. MILBY CLERK

---

JOSEPH LABOSCO,

Petitioner,

VS.

MICHAEL PURDY,

Respondent.

---

PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. §2241

MEMORANDUM IN SUPPORT OF
28 U.S.C. §2241 HABEAS CORPUS

Joseph LaBosco
Reg. No. 29463-053
P.O. Box 4200
Three Rivers, Tx 78071

# TABLE OF CONTENTS

**ISSUES PRESENTED:**                                                    **PAGE(S)**

## ISSUE ONE

THE QUANTITY OF DRUGS WHICH MANDATE SPECIFIC
SENTENCES UNDER 21 U.S.C. §841(b)(1)(A) IS AN
'ELEMENT' OF THE OFFENSE, WHICH WAS NOT
SUBMITTED TO THE JURY, NOR PROVEN BEYOND A
REASONABLE DOUBT.  AND, PETITIONER IS "ACTUALLY
INNOCENT" OF THE 21 U.S.C. §841(b)(1)(A)
OFFENSE...................................... i

## ISSUE TWO

THE DISTRICT COURT ERRED IN IMPOSING MAXIMUM
SENTENCE FOR CONSPIRACY TO DISTRIBUTE HEROIN,
AND COCAINE, RATHER THAN IMPOSING MAXIMUM
SENTENCE FOR MARIJUANA, WHERE THE INDICTMENT
ALLEGED THREE (3) SUBSTANCES IN THE SAME
COUNT, AND NO SPECIFIC VERDICT FORM WAS
SUBMITTED TO THE JURY......................... i

## ISSUE THREE

**28 U.S.C. §2255** IS INADEQUATE/INEFFECTIVE
IN WHICH TO CORRECT THE "MISCARRIAGE OF
JUSTICE"...................................... i

Table of Authorities................................. ii

Petition For Writ of Habeas Corpus..................... 1

Jurisdiction  Statement............................... 1

Statement of the Case................................. 2-3

Statement of the Facts................................ 4-5

Argument & Authorities,
Issue One............................................ 6-11

Argument & Authorities,
Issue Two............................................ 12-15

Argument & Authorities,
Issue Three.......................................... 16-18

Conclusion........................................... 18

Attachments A-C

# TABLE OF AUTHORITIES

**CASES:**                                                            **PAGE(S)**

U.S. V. Martin 9 F.3d 1538 (2nd Cur. 1993).............  2
Coscia V. United States 511 U.S. 1057..................  2
Jones V. United States 118 S.Ct. 1359.................  6,7
McMillian 477 U.S. at 85..............................  8,10
United States V. Deisch 20 F.3d 139 (5th Cir. 1994)....  8
United States V. Sharp 12 F.3d 605 (6th Cir. 1993).....  8
United States V. Kramer 955 F.2d 479, 484-86
(7th Cir. 1992).......................................  9
United States V. Wood 834 F.2d at 1388-90.............  9
United States V. Gibbs 813 F.2d 596, 599-601
(3d Cir. 1987)........................................  9
United States V. Alvarez 735 F.2d 461, 468
(11th Cir. 1984)......................................  9
United States V. Townley 929 F.2d 365, 369
(8th Cir. 1991).......................................  9
Richardson V. United states 119 S.Ct. ................  10,11
United States V. Gaudin 505 U.S. 506..................  11
U.S. V. Dale 178 F.3d 429
(6th Cir. 1999).......................................  13,15
United States V. Olano 507 U.S. 725, 732..............  13
United States V. Garcia 37 F.3d 1359, 1370
(9th Cir. 1994).......................................  14,15
United States V. Fisher 22 F.3d 574, 576
(5th Cir. 1994).......................................  14
United States V. Owens 904 F.2d 411, 414-15
(8th Cir. 1990).......................................  14
Edwards V. United States 523 U.S. 511.................  14
United States V. Orozco-Prada 732 F.2d 1076,
1083-84 (2d Cir. 1984)................................  15
United States V. Barnes 158 F.3d 662, 672
(2d Cir. 1998)........................................  15
U.S. V. Cox 957 F.2d at 265...........................  15
Bousley V. United States 523 U.S. 614.................  16
Murray V. Carrier 477 U.S. 496........................  16
Triestman V. U.S.  124 F.3d 361 (2nd Cir. 1997).......  17
In Re Dorsainvil 119 F.3d 245 (3rd Cir. 1997)..........  18

**STATUTES/RULES:**

28 U.S.C. §2241.......................................  1,16,17,
                                                        18

28 U.S.C. §2255.......................................  1,2,3,16,
                                                        17,18

21 U.S.C. §846, 841(a)(1), ...........................  2,6
21 U.S.C. §841(b)(1)(A)...............................  2,4,6,7,8,
                                                        9,10,11,13,
                                                        14,16,17

21 U.S.C. §844(a).....................................  8,9
21 U.S.C. §841(b)(1)(D)...............................  14,15
28 U.S.C. §2244.......................................  17

CUtePDF - www.texis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSEPH LaBOSCO,          )
                         )
        Petitioner,      )
                         )
vs.                      )     CAUSE NO._____
                         )
MICHAEL PURDY, WARDEN    )     [To Be Supplied By The clerk]
F.C.I. THREE RIVERS, TX.,)
                         )
        Respondent.      )

## MEMORANDUM IN SUPPORT OF
## PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

        **COMES NOW**  Joseph LaBosco, your Petitioner in the above

styled and numbered cause, who submit this, his Memorandum in

Support of Petition For Writ of Habeas Corpus, pursuant to 28

**U.S.C. §2241, et. seq.**

        In support hereof Petitioner would state and show the Court

as follows:

### JURISDICTIONAL STATEMENT

        Petitioner is a Federal Prisoner currently in custody

of Michael Purdy, Warden at F.C.I. Three Rivers, who claim that

he is being illegally confined, and that he is "Actually

Innocent", and as such, should be released from any further service

of the illegal confinement.  Further, this court has jurisdiction

under **28 U.S.C. §2241** to correct the "Miscarriage of Justice",

where **28 U.S.C. §2255** is inadequate/ineffective in which to do

so.

-1-

## STATEMENT OF THE CASE

Petitioner was convicted for the offense of conspiracy to distribute and possess with intent to distribute five kilograms or more of substance containing cocaine, heroin and marijuana, (21 U.S.C. §§846, 841(a)(1), §841(b)(1)(A)), in the Eastern District of New York, after a tril by jury before the Honorable Reena Raggi, Count 1.

Count One charged that from on or about July 1989, and continuing until June 4, 1990, the defendant and others knowingly and intentionally conspired to distribute and possess with intent to distribute 5 kilograms or more of substances containing cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§846, 841(a)(1), and §841(b)(1)(A).   See, Attachment B.

Petitioner was sentenced to twenty (20) years imprisonment, Count 1, followed by life time supervisions.   Petitioner filed a timely notice of appeal, and appeal was subsequently perfected to the Second Circuit Court of Appeals, No. 92-1472, and affirmed by the Second Circuit.  See, U.S. V. Martini 9 F.3d 1538 (2nd Cir. 1993) (published table decision, cert. denied sub nom. Coscia V. United States, 511 U.S. 1057).

Subsequent to direct appeal and Certiorari Review, Petitioner caused to be filed his 28 U.S.C. §2255 Motion in the United States District Court for the Eastern District of New York, No. 97-CV-7061 (RR). Petitioner raised five (5) grounds for §2255 relief (grounds not raised herein).

-2-

The district court denied Petitioner's **28 U.S.C. §2255**
Motion, and Petitioner caused to be filed a timely notice of
appeal; Petitioner filed a timely Certificate of Appealability
(COA), and on Nov. 8, 1999, the Second Circuit Court of Appeals
denied (COA), and dismissed Petitioner's appeal.  See, **Attachment
B.**

---

**-3-**

## STATEMENT OF THE FACTS

Relevant Facts, Issue One:

At the conclusion of trial, the court did not instruct
the jury that they had to specifically find that Petitioner
conspired to distribute one kilogram or more of heroin, and 5
kilograms or more of cocaine, before Petitioner could stand
convicted under 21 U.S.C. §841(b)(1)(A).

Counsel for Petitioner did not request that the jury be
so instructed.  The district court merely instructed the jury
that "the crime of conspiracy as charged in the indictment, has
three essential elements."  The court did not instruct that the
quantity was an element to 21 U.S.C. §841(b)(1)(A), and must be
proven beyond a reasonable doubt.

After Petitioner was found guilty, the Probation Officer
submitted it's presentence investigation report (PSI); for
sentencing purposes the Probation Officer attributed to Petitioner
one kilogram of heroin, and 5 kilograms of cocaine.  The court
adopted the PSI Report, and sentenced Petitioner to twenty (20)
years, 21 U.S.C. §841(b)(1)(A).

Relevant Facts, Issue Two:

Although Petitioner was charged by Indictment, Count One,
with conspiring to distribute and possess with intent to distribute
5 kilograms of more of substances containing cocaine, heroin and
marijuana, no specific verdict form was submitted to the jury, and
it has never been determined whether the jury found Petitioner guilty

-4-

of, conspiracy to the heroin, cocaine, or the marijuana, or all three substances. The jurors were given an enhanced unanimity instruction, but returned only a general verdict form.

After Petitioner was found guilty by jury, a PSI Report was submitted for sentencing purpose; the Probation Officer recommended that Petitioner's quantity base level be set at (32) for one kilogram of heroin, and 5 kilograms of cocaine. The only reference to Marijuana was at pages **8-9**, §31(e), (e)(1), (e)(2), and actual purchases (I)(ii)-one pound of marijuana, of the PSI Report, **Attachment C.**

At the conclusion of trial, defense counsel did not request that a specific verdict form be submitted, because of the multiple drugs alleged in Count One Conspiracy. The Court did not Sua Sponte submit a specific verdict form.

## ARGUMENT & AUTHORITIES
## ISSUE ONE

### WHERE PETITIONER IS "ACTUALLY INNOCENT" OF THE 21 U.S.C. §841(b)(1)(A) OFFENSE, THE COURT SHOULD CORRECT THE 'MISCARRIAGE OF JUSTICE'.

The Indictment charged Petitioner under 21 U.S.C. §846, Conspiracy to possess and distribute, Heroin, Cocaine and Marijuana.

After the conclusion of trial the Court did not instruct the jurors that they had to specifically find that Petitioner conspired to distribute one kilogram or more of heroin, and 5 kilograms or more of cocaine, before Petitioner could stand convicted under 21 U.S.C. §841(b)(1)(A).

Counsel for Petitioner did not request that the jury be so instructed. The district court did not sua sponte instruct the jury that quantity was an "Element" of the offense, 21 U.S.C. §841(b)(1)(A).

The Probation Officer submitted it's presentence investigation report (PSR) for sentencing purposes, the Probation Officer attributed to Petitioner 1 kilogram of heroin, and 5 kilograms of cocaine. The court adopted the PSR and sentenced Petitioner to twenty (20) years, 21 U.S.C. §841(b)(1)(A). (Petitioner's **minimum and sentence penalty was increased to a mandatory term of (20) years to life, as mandated by §841(b)(1)(A).**

Subsequent to Petitioner's conviction and sentence, the Supreme Court held in **JONES V. UNITED STATES** 118 S.Ct. 1359 that "Under the due process clause of the 5th amendment and the notice and jury trial

-6-

guarantee of the 6th amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged  in an indictment, submitted to the jury and proven beyond a reasonable doubt".

Where Petitioner was charged by indictment and sentenced under 21 U.S.C.§841(b)(1)(A) the statutorily required quantity is material and, an element of the offense charged.  Thus, the court erred in failng to give an unanimity instruction on  the "Element" of the offense.  **JONES V. UNITED STATES supra.**  The Supreme Court stated that, at first glance §2119 looks like a sentencing provision. The Court found that it was at best questionable whether the specification of facts (bodily injury) sufficient to increase a penalty range by two-thirds, let alone from 15 years to life, was meant to carry none of the process safeguards that elements of an offense bring with them for a defendants benefit.  **Id.**  The Court noted that the Government was unable to explain why Congress chose to treat serious bodily injury as an element of the offense in some statutes, but not others, and concluded that Congress probably intended serious bodily injury to be an element defining an aggravated form of the crime. **Id.**  The Jones Court went on  to  hold that, "Under the Due Process Clause of the Fifth Amendment and  the Jury Trial guarantee of the Sixth Amendment any form (other than  prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven  beyond a reasonable doubt.

-7-

In the instant case, the predicate amount  of drugs necessary
to trigger the enhanced and statutorily, 21 U.S.C. §841(b)(1)(A)
mandated sentence, was not properly charged in the indictment nor
tried to the jury.

In resolving the instant issue, and distinguishing between
elements of the offense which must be proven beyond a reasonable
doubt to the trier of fact, and other identified facts left for the
judge at sentencing, was the Legislatures definition of the offense
at issue. **McMillian** 477 U.S. at 85.

At first glance, 21 U.S.C. §841(b)(1)(A) looks like a
sentencing provision.  The statute is entitled "penalties". However,
it is questionable whether the specifications of facts sufficient
to increase a penalty to a mandatory statutory minimum, was meant
by Congress to carry none of the due process safeguards that
"elements" of the offense bring with them.

If a given statute is unclear about treating such a fact as
an element or penalty aggravator, it makes sense to look to what
other statutes have done, on the fair assumption that Congress is
unlikely to intend any radical departures  from past practice without
making a point of saying so. A comparable statute, 21 U.S.C. §844(a),
is entitled "penalties for simple possession", yet a majority of
Courts have treated the quantity of the controlled substance as an
element of the §844(a) offense.  See, **UNITED STATES V. DEISCH** 20
**F.3d 139 (5th Cir. 1994); UNITED STATES V. SHARP** 12 F.3d 605 (6th
**Cir. 1993).**

-8-

Another Statute, 21 U.S.C. §848(b) has been held to constitute a substantive offense even though §848(b) is titled "condition for life imprisonment for engaging in a continuing criminal enterprise", which indicates it is a sentencing provision. **United States V. Kramer** 955 F.2d 479, 484-86 (7th Cir. 1992). Congress entitles §848(b) as a sentencing enhancement, but intend it to be treated as a substantive offense.  Congress also treat the quantity of a controlled substance as an element in §844(a) and not §841(b).  Section 844(a) carries a maximum sentence of twenty years and §841(b)(1)(A) carries a mandatory term of ten years to life.

Where a statute is susceptible of two constructions by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, the courts duty is to adopt the latter. The statute in this case, §841(b)(1)(A) is susceptible to two interpretations, the first of which treats the quantity of a controlled substance as a sentencing factor, **United States V. Wood** 834 F.2d at 1388-90; **United States V. Gibbs** 813 F.2d 596, 599-601 (3d Cir. 1987). The second treats the quantity of a controlled substance as an "element" of the offense. **United States V. Alvarez** 735 F.2d 461, 468 (11th Cir. 1984).  This court repeatedly suggested that when a district court's consideration of relevant conduct results in a drastic increase in a sentence, the preponderance standard may not satisfy due process.  **United States V. Townley** 929 F.2d 365, 369 (8th Cir. 1991). That decision do not address the question recognized in

-9-

McMillian and left open in Wood: "when a jury determination has not been waived, may judicial factfinding by a preponderance support the application of a provision that increases the potential severity of the penalty for a variant of a given crime.

The Statute, §841(b)(1)(A), as construed by this Court in Wood, is now in grave constitutional doubt in light of the Supreme Court's holding in Jones that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."

A recent court, **Richardson V. United States** 526 U.S.____, **143 L.Ed.2d 985, 119 S.Ct. ___ (decided June 1, 1999),** held that, a jury must unanimously agree not only that a defendant committed a continuing series of violations, but also that the defendant committed each of the individual violations necessary to make up that continuing series; the court concluded that the series of events which make up §848 is an element of the offense that must be submitted to the jury, and proven beyond a reasonable doubt. It was noted in Richardson that the statute's violations carries many different kinds  of behavior of varying degrees of seriousness... The two chapters of the federal code setting forth drug crimes contain approximately 90 numbered sections, many of which proscribe various acts that may be alleged as "violations" for purposes of the series requirement in the statute.  the court noted, to compare §841(b)(1)(A) (possession with intent to distribute large quanties

-10-

of drugs). **Id. at 143 L.Ed.2d <u>993</u>.** As noted by <u>Richardson</u>, §841
(b)(1)(A) is an "Element" which has to be submitted to the jury
and proven beyond a reasonable doubt. <u>Richardson</u> followed the
Supreme Courts ruling in **<u>United States V. Gaudin</u>** 505 U.S. 506
**(Jury is to determine guilt of every element of the crime charged).**

In the instant case, no instruction was submitted to the jury
on the essential element (quantity under §841(b)(1)(A).

The error in this case was not harmless. The Indictment did
not charge sufficient amounts (only charged 5 kilograms of cocaine),
but did not submit the proper jury instruction, that the jury had
to find the specific quantity before Appellant could stand convicted
under §841(b)(1)(A)), necessary to trigger the aggravated offense
of conspiracy to distribute cocaine and heroin.

The issue of quantity was not submitted to the jury, nor
proven beyond a reasonable doubt. Appellant's sentence was
based entirely upon the PSI report and aggregation of the quantity
of cocaine and heroin.

## ARGUMENT & AUTHORITIES
### ISSUE TWO

THE DISTRICT COURT COMMITTED PLAIN ERROR IN FAILING
TO SUBMIT TO JURORS A SPECIFIC VERDICT FORM, WHERE
THERE WERE THREE (3) DIFFERENT SUBSTANCES ALLEGED
IN THE CONSPIRACY; THE DISTRICT COURT ERRED IN IMPOSING
MAXIMUM SENTENCE FOR CONSPIRACY TO DISTRIBUTE HEROIN,
AND COCAINE, RATHER THAN IMPOSING MAXIMUM SENTENCE FOR
CONSPIRACY TO DISTRIBUTE MARIJUANA.

In this case, the Indictment alleged that Petitioner
conspired to possess, and distribute heroin, cocaine and marijuana.

### Allegations of Marijuana:

Testimony was admitted at trial that, Beginning in Dec.
1989, Martini told Modell and Senatore about an individual Michael
Coscia who was interested in purchasing a large quantity of marijuana.
Martini and Modell planned to obtain a large amount of marijuana,
as much as 500 pounds, at a price of either $900. or $950. per
pound.  Coscia intended to invest about $50,000, Modell intended
to invest about $25,000. Petitioner was not connected to this
intended purchase.

On April 18, 1990, Senatore met with Petitioner and Martini
at Petitioner's Apartment. The three men talked about obtaining
better heroin from Petitioner's source, and they also discussed
getting cocaine and marijuana for Petitioner from Senatore's source
Michael Cassesse.  The next day, April 19, 1990, Senatore received
approximately a pound of marijuana unexpectedly from Manny Mana.
With the DEA's approval, Senatore gave a sample to Martini for his
customer.  The next night, April 20, 1999, Senatore sold the
remaining marijuana to Anthony Capuano for $900.00.

-12-

After conviction a PSI Report was submitted, where the Probation Officer cited several occasions in which there were marijuana negotiations by Yacono and Coscia, Martini, Lowen and Modell, and actual purchase of marijuana of one pound.  See, PSI Report, Pages 10-11.

However, the Probation Officer did not attribute any quantity of marijuana to Petitioner because there was one (1) kilogram of heroin and five (5) kilograms of cocaine attributed to Appellant which triggered 21 U.S.C. §841(b)(1)(A) Mandatory Sentence.

Because there was no specific verdict submitted to the jury, it may have been the one pound of Marijuana for which the jury found.

Petitioner contend that the Court committed plain-error in imposing maximum sentence for conspiracy to distribute heroin and cocaine, rather than  imposing maximum sentence for conspiracy to distribute marijuana, where the jury was given enhanced unanimity instruction but returned only a general verdict form.

The Court in U.S. V. Dale 178 F.3d 429 (6th Cir. 1999) reversed a Defendants sentence, where the court failed to submit a specific verdict form.

Petitioner does not challenge his conviction as it relates to a conspiracy to distribute marijuana. Petitioner argues that he should have been sentenced only for a conspiracy to distribute marijuana, rather than for heroin and cocaine.  Because counsel did not argue this point at sentence, it should be reviewed by this court for plain error.  See, United States V. Olano 507 U.S. 725, 732.

-13-

Given the facts in the instant case, the maximum sentence for a conspiracy to distribute marijuana is five years, 21 U.S.C. §841(b)(1)(D), while conspiracy to distribute the heroin and cocaine yielded a life maximum.   21 U.S.C. §841(b)(1)(A).

The court of appeals have held that when the jury returns a general verdict to a charge that a conspiratorial agreement covered multiple drugs, the defendant must be sentenced as if he distributed only the drug carrying the lower penalty.  See, **United States V. Garcia** 37 F.3d 1359, 1370 (9th Cir. 1994); **United States V. Fisher** 22 F.3d 574, 576 (5th Cir. 1994); **United States V. Owens** 904 F.2d 411, 414-15 (8th Cir. 1990).

Also, a Supreme Court decision presenting a related issue lends support to the present issue. **Edwards V. United States** 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998).  That Court held that a judge is authorized to determine for sentencing purpose, after a general guilty verdict on a charged conspiracy to distribute both cocaine and crack, whether crack, as well as cocaine was involved in the conspiracy to distribute and may also determine the amounts involved.  In addition, the court noted the judge's ability to consider "relevant conduct" from purposes of sentencing;  however, the court added that "Petitioners'" statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed permit for a cocaine-only conspiracy.  In **Edwards** the sentences imposed were within the statutory limits applicable to a cocaine-only conspiracy, so the "difference" referred to by the court was not

-14-

relevant to the case.

In the instant case, the "difference" cited in Edwards is on all fours:  The statutory maximum for marijuana conspiracy is five (5) years and that for heroin and cocaine is life.

The Court in **United States V. Orozco-Prada** 732 F.2d 1076, **1083-84 (2d Cir. 1984)** held that, a general verdict on a conspiracy to distribute both cocaine and marijuana, a court may not sentence a defendant under the statutory penalty for cocaine conspiracy, as the jury may have found only a marijuana conspiracy.

Because counsel failed to request a special verdict form, such does not now forfeit the issue.  It was the responsibility of the Government to request a special verdict. See, **United States V. Barnes** 158 F.3d 662, 672 (2d Cir. 1998); **United States V. Garcia,** supra, at 1369-70.  Also, because the issue is **Plain Error**, this court should reach the merits of the claim, to correct the miscarriage of justice.  See, **U.S. V. Cox** 957 F.2d at 265.

Petitioner's sentence of (20) years is longer than the five (5) year statutory maximum for conspiracy to distribute marijuana, thus, creating a "Manifest Miscarriage of Justice".  See, **U.S. V. Dale,** supra at 434.  As such, Petitioner's  sentence must be vacated and set aside, and Petitioner resentenced to the maximum provided under conspiracy to distribute marijuana, five (5) years, **21 U.S.C. §841(b)(1)(D).**

## ARGUMENT & AUTHORITIES
## ISSUE THREE

WHERE **28 U.S.C. §2255** IS UNAVAILABLE/INEFFECTIVE,
THIS COURT SHOULD CORRECT THE "MISCARRIAGE OF
JUSTICE", PURSUANT TO **28 U.S.C. §2241.**

"Actual Innocence":

Petitioner first argue that he is "Actually Innocent" of
the **21 U.S.C. §841(b)(1)(A)** charge, and second, that he is
Actually Innocent of the maximum sentence for conspiracy to
distribute heroin, and cocaine, and that instead, he should have
been sentenced for conspiracy to distribute marijuana, where no
specific verdict form was submitted to the jury.

The United States Supreme Court in **BOUSLEY V. UNITED STATES**
**523 U.S. 614,** held that if the defendant could make a showing of
"Actual Innocence" any procedural default would be excused, and
the defendant would be entitled to relief. <u>Bousley</u> held that
although the defendant defaulted on his claim, the claim could
still be reviewed in a collateral proceeding  if he can establish
that the error resulted in the conviction of one who is actually
innocent.  See also, **MURRAY V. CARRIER** **477 U.S. 496.**

In the instant case, the <u>quantity</u> which based the **21 U.S.C.**
**§841(b)(1)(A)** offense was never treated as an "element" of the
offense, and was not submitted to the jury, nor proven beyond a
reasonable doubt; second, there was no unanimous verdict on
specifically which drug Petitioner conspired to possess and
distribute; the court charged that Petitioner conspired to possess
and distribute heroin, cocaine and marijuana.  It is not known
which substance the jury found Petitioner to be guilty of.

-16-

CtMPDF - www.teatra.com

However, Petitioner maintain and contend that he is innocent of the heroin and cocaine, and as such, he should have been sentenced for the marijuana only.

Where Petitioner is actually innocent of the **21 U.S.C. §841 (b)(1)(A)** offense, and of conspiracy to possess and distribute heroin and cocaine, (as described above), this court should correct the "Miscarriage of Justice", and release Petitioner from any further service of the illegal incarceration.

**28 U.S.C. §2255**
Inadequate/Ineffective:

Petitioner caused to be filed a **28 U.S.C. §2255** Petition (which did not raise the issues herein). The §2255 Petition was denied by the district court and the second circuit court of appeals denied Petitioner a Certificate of Appealability (COA), on Nov. 8, 1999.

Petitioner cannot now file a second and successive §2255 Petition, and such procedure is not available to Petitioner to have the court correct the "Miscarriage of Justice, which Petitioner complain of herein. Thus, it would be futile for Petitioner to file a **28 U.S.C. §2244** Petition  with the Circuit Court. Because of same, this Court has jurisdiction under **28 U.S.C. §2241** to correct the Miscarriage of justice.  Petitioner is now barred from filing another §2255 Petition by the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).

The Court in **<u>TRIESTMAN V. U.S.</u> 124 F.3d 361 (2nd Cir. 1997)** held that, the defendant therein had standing under §2241 to

-17-

correct the "Miscarriage of Justice".  See also, **IN RE DORSAINVIL**
**119 F.3d 245 (3rd Cir. 1997).**

Petitioner does not merely claim that because his §2255
Motion was denied, (on other grounds), he should be granted §2241
review, or that he should be able to forum shop for a Court
suitable to his liking.  Instead, he claim that he is barred from
§2255 review, and that §2255 would not correct the "Miscarriage
of justice".

## CONCLUSION

**WHEREFORE** premises considered herein above, this Court
should  grant the **28 U.S.C. §2241** Petitioner.  Thereafter, order
that Petitioner is to be released from any further service of the
illegal conviction and sentence.

Respectfully Submitted,

Joseph LaBosco
Reg. No. 29463-053
P.O. Box 4200
Three Rivers, Tx 78071

-18-