UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

NO. C-00-004
[To Be Supplied By The Clerk]

United States District Court
Southern District of Texas
FILED

JAN 0 4 2000

MICHAEL N. MILBY CLERK

JOSEPH LABOSCO,
            Petitioner,

VS.

MICHAEL PURDY,
            Respondent.

---

PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 21 U.S.C. §2241

ATTACHMENTS

Attachment A - Indictment

Attachment B - Second Circuit Denial of COA

Attachment C - PSI Report, pages 10-11, §31(e), (e)(1), (e)(2)

# ATTACHMENTS

## Attachment A:

**Referenced Indictment, Crim. No. CR-90-610(S)(02), U.S. District Court, Eastern District of New York**

# ATTACHMENT

### ATTACHMENT "B":

**Second Circuit Court of Appeals' Order Denying COA**

E.D.N.Y.
97-CV-7061
Raggi, J.

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 8th day of November one thousand nine hundred and ninety-nine.

Present:
    Hon. Joseph M. McLaughlin,
    Hon. Dennis Jacobs,
    Hon. Robert A. Katzmann,
              *Circuit Judges.*



Joseph Labosco,

        Petitioner-Appellant,

    v.                                            98-2968

United States,

        Respondent-Appellee.

A motion having been made herein by appellant *pro se* for a certificate of appealability, upon consideration thereof it is ORDERED that said motion be and hereby is denied and the appeal is dismissed since the appellant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Appellant's 28 U.S.C. § 2255 motion was untimely. *See* 28 U.S.C. § 2255. The motion for appointment of counsel is denied as moot.

                                        FOR THE COURT:
                                        Karen Greve Milton, Acting Clerk

                                        By: *Lucille Carr*

**A TRUE COPY**

NOV -8 1999

# ATTACHMENT

**ATTACHMENT "C":**

Excerpt From PSI Report

9

    (1)   <u>Actual Purchases:</u>

        i  -  245 grams of heroin (total of four ounce buys, 1/8 kilogram, and six samples)

        ii  -  one pound of marijuana

        iii  -  unspecified quantities sold by Febbraio to Capuano, LaBosco and Lowen

    (2)   <u>Negotiated Amounts:</u>

        i  -  over 1 kilogram of heroin (Big Ralph negotiations)

        ii  -  over 5 kilograms of cocaine (LaBosco, Capuano and Lowen negotiations)

SEE PAGE 11

### Attribution of Drugs to Specific Defendants

32. Although all defendants joined the larger conspiracy, not all of the drugs should be attributed to each defendant because of the changing membership in the group. Under prevailing construction of both the statute and the sentencing guidelines, the applicable principle is whether the specific drugs purchased or negotiated were reasonably foreseeable by the defendant. <u>The Government believes that, though some defendants can be held responsible for drugs that they did not actually participate in selling or negotiating</u> for, others, who may have understood that a larger conspiracy was in operation, did not foresee the specific quantities involved.

33. The Government set forth below their view on how the quantities should be attributed to each defendant:

    A.   <u>Vasaliki Papadakos:</u>  5 kilograms of cocaine

    B.   <u>Idael Jimenez-Mora:</u>  5 kilograms of cocaine

    C.   <u>Joseph Lowen:</u>  15 kilograms of cocaine; 500 pounds of marijuana; and unspecified quantities of heroin

    D.   <u>Joseph LaBosco:</u>  over 1 kilogram of heroin; and 5 kilograms of cocaine

    E.   <u>Anthony Capuano:</u>  over 1 kilogram of heroin; 5 kilograms of cocaine; and one pound of marijuana

    F.   <u>Giacento Mannarino:</u>  over 245 grams of heroin

11

8

two to three kilograms of cocaine for Lowen from Michael Cassese.

28. On May 8, 1990, Senatore purchased another ounce of heroin from Martini, who had received it from Capuano. In addition, Martini gave Senatore another sample of heroin that he had received from Mannarino, and Martini said that he had two other samples from Mannarino that he had given to LaBosco and Capuano.

29. On May 15, 1990, Senatore purchased an ounce of heroin supplied by Mannarino's source, James Febbraio. Finally, on May 22, 1990, Martini and Febbraio sold Senatore 1/8 kilogram of heroin.

30. The tape recorded conversations during May 1990 also revealed that Martini and Capuano were actively attempting to purchase three kilograms of cocaine from Michael Cassese. They were unable to only because Senatore had been instructed by the agents to "sour" the deal. In addition, during the second half of May 1990, Martini obtained an unspecified quantity of heroin from Febbraio for Lowen and Capuano, in addition to the samples Martini told Senatore about on May 8.

31. The total amount of drugs involved in this conspiracy is, therefore, as follows:

   a. July 1989 - Robbery:  1 kilogram of heroin

   b. September 1989 - Beach Robbery:  5 kilograms of cocaine

   c. Two Fall 1989 Drug Robberies:  No drugs found during the robberies

   d. December 1989 Drug Robbery:  5 kilograms of cocaine (50 kilograms expected)

   e. December 1989 - January 1990 - Yacono and Coscia Marijuana Negotiations:  Martini, Lowen and Modell discussed obtaining 500 pounds of marijuana, part of which would be sold to Coscia and part to be sold to Yacono:

      (1) Yacono Marijuana Negotiations/Robbery:  Yacono negotiated to buy about 85 pounds of marijuana (equivalent of seized amount of $85,000).

      (2) Coscia Marijuana Negotiations:  Coscia negotiated to buy between 50 and 100 pounds of marijuana

   f. March to May Undercover Purchases and Negotiatioins: