IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

| | | |
|---|---|---|
| JOSEPH LABOSCO | § | 5. FEB 0 1 2000 |
| | § | |
| V. | § | C.A. NO. C-00-04 Michael N. Milby, Clerk of Court |
| | § | |
| MICHAEL PURDY | § | |

## ORDER OF DISMISSAL

This petition under 28 U.S.C. § 2241 raises claims that ordinarily must be presented under 28 U.S.C. § 2255 to the judge who imposed the petitioner's sentence. See United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990). Petitioner argues that these claims are cognizable under § 2241 because the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The sole ground for inadequacy raised by the petitioner is that he is barred from filing a successive motion under § 2255. 28 U.S.C. § 2255. However, a petitioner's inability to "meet the stringent gatekeeping requirements of the amended § 2255" does not render that remedy inadequate or ineffective. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion." In re Davenport, 147 F.3d 605, 610 (7th Cir. 1998); In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The petitioner has raised no such valid basis. The Court perceives this petition merely as an attempt to circumvent the rule against successive § 2255 motions, which the Court will not permit. In re Dorsainvil, 119 F.3d at 251; Wofford v. Scott, 177 F.3d 1236, 1243 (11th Cir. 1999).

The petitioner's petition under 28 U.S.C. § 2241 is DISMISSED.

ORDERED this __28__ day of _____, 2000.

_____
H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE